IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Allen Findley, ) | Case No. 8:23-cv-1917-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Fox News Corporation, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court dismiss Plaintiff's amended complaint without prejudice. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's amended complaint without prejudice.

I.  **Background and Relevant Facts**

Plaintiff, proceeding *pro se*, brings this action against Fox News Corporation and affiliates, News Anchor Kendra Kent and Unknown Owner (Defendants). (Dkt. No. 11 at 1). In his amended complaint, Plaintiff alleges that Fox News is "pushing propaganda." (Dkt. No. 8 at 6). As the Magistrate Judge notes, "the remainder of his complaint does not refer to any defendants, but discusses [Plaintiff's] belief that a car accident fatality was a 'set up.'" (Dkt. No. 11 at 2). The Court has reviewed Plaintiff's amended complaint and finds that the R&R accurately describes the contents of said pleading.

On June 20, 2023, the Magistrate Judge issued an R&R recommending the amended complaint be dismissed without prejudice. (Dkt. No. 11). The Magistrate Judge notes that Plaintiff's amended complaint is devoid of specific allegations showing this Court has either federal question or diversity jurisdiction. (Dkt. No. 11 at 5-6) (noting that Plaintiff failed to plead complete diversity as "Plaintiff lists South Carolina addresses for himself and Defendant Kent"

and Plaintiff did not allege how Defendants, private entities and persons, are state actors). Plaintiff did not file objections to the R&R.

On July 12, 2023, Plaintiff filed a motion to amend. (Dkt. No. 16). While captioned "motion to amend," it is unclear if Plaintiff in fact seeks such relief. In his motion, Plaintiff appears to reiterate allegations already contained in his amended complaint. (*Id.* at 3) ("Around about Jan 18 Fox [N]ew[s] announced Bobby Harbin murdered, missing and his dog. I believe my life is being threatened and I am in danger."); (*Id.* at 4) (asking for relief in the amount of "$75,000"). [1]

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

---

[1] Regardless, even if the Court were to construe Plaintiff's motion as one to amend, the motion would be denied as futile for the same reasons articulated in the R&R (which the Court adopts in full as the order of the Court)—namely that Plaintiff's proposed second amended complaint fails to allege plausibly this Court has either federal question or diversity jurisdiction.

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's amended complaint should be dismissed without prejudice as Plaintiff has not adequately pleaded this Court has subject matter jurisdiction. (Dkt. No. 11 at 5-6); Fed. R. Civ. P. 8(a).

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the order of Court, **DISMISSES** Plaintiff's amended complaint **WITHOUT PREJUDICE**, and **DENIES** Plaintiff's motion to amend (Dkt. No. 16).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

July 17, 2023
Charleston, South Carolina